Brent L. Tolman, United States Attorney (#8821)
District of Utah
185 South State Street, Suite 400
Salt Lake City, Utah 84101
(801) 524-5682

Howard M. Radzely, Solicitor of Labor
Michael A. Stabler, Regional Solicitor
Ann M. Noble, Associate Regional Solicitor
 and Special Assistant United States Attorney
Katherine Vigil, Senior Trial Attorney and
 Special Assistant United States Attorney
1999 Broadway
Suite 1600
Denver, CO 80202
(303) 844-1745

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| ELAINE L. CHAO, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, ) ) ) Plaintiff, ) ) ) v. ) ) PARAGON CONTRACTORS CORP. ) and BRIAN JESSOP, individually, and ) JAMES JESSOP, individually, ) ) Defendants. ) | Case No. 2:06cv700 TC |

### NOTICE OF WAIVER OF SERVICE OF DEFENDANTS

Attached is a Waiver of Service of the Complaint upon Defendants. Defendants waived service of the Complaint, through their attorney, on September 19, 2006.

| | |
|---|---|
| Office of the Solicitor<br>1999 Broadway<br>Suite 1600<br>Denver, CO 80202<br>(303) 844-1745 | Howard M. Radzely<br>Solicitor of Labor<br><br>Michael A. Stabler<br>Regional Solicitor<br><br>Ann M. Noble<br>Associate Regional Solicitor and<br>Special Assistant United States Attorney<br><br>By /s/ Katherine Vigil<br>Katherine Vigil<br>Senior Trial Attorney and Special<br>Assistant United States Attorney<br><br>U. S. DEPARTMENT OF LABOR |
| 185 South State Street<br>Suite 400<br>Salt Lake City, UT  84101<br>(801) 524-5682 | Brent L. Tolman<br>United States Attorney<br>District of Utah<br><br>Attorneys for Plaintiff |

### CERTIFICATE OF SERVICE

Service of the foregoing Notice of Waiver of Service of Defendants has been made this day by mailing a copy thereof by first class mail, with postage prepaid, to:

> Heath H. Snow
> Bingham & Snow, LLP
> 230 North 1680 East
> Suite D-1
> St. George, Utah  84790

Dated this  10th  day of October, 2006.

/s/ Katherine Vigil
Katherine Vigil

2

DUI 43
1/96

# WAIVER OF SERVICE OF SUMMONS

**TO:** Katherine Vigil
(Name of Plaintiff's Attorney of Plaintif Pro Se)

I, Heath H. Snow, attorney for Defendant acknowledge receipt of your request that I waive
(Name of Defendant)
service of a summons in the case of Elaine L. Chao, Secretary of Labor v. Paragon Corp., Brian&James Jessop, case number 2:06CV00700 TC, in the United States District Court for the District of Utah. I also have received a (i) copy of the complaint in the action, (ii) two copies of this form, and (iii) a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Federal Rule of Civil Procedure 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisidiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Federal Rule of Civil Procedure 12 is not served upon you within sixty (60) days after September 13, 2006 (date request was sent), or within ninety (90) days after that date if the request was sent outside the United States.

9/19/06
Date

Printed/Typed Name: Heath H. Snow

AS Attorney OF Defendants

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Federal Rule of Civil Procedure 4 requires certain parties to cooperate in avoiding unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

A party's belief that the complaint (i) is unfounded, (ii) that the action has been brought in an improper place, or (iii) that the action has been brought in a court that lacks jurisdiction over the subject matter of the action or over its person or property, does not constitute good cause for failure to waive service. Parties who waive service of summons retain all defenses and objections (except any relating to the summons or to the service of the summons) and later may object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must (i) serve, within the time specified on the waiver form, on the plaintiff's attorney or plaintiff pro se a response to the complaint, and (ii) file a signed copy of the response with the court. If the response is not served within this time, a default judgment may be taken against that defendant