Rick J. Sutherland (USB #3162)
M. Christopher Moon (USB #14880)
JACKSON LEWIS, PLLC
222 S. Main Street, #500
Salt Lake City, Utah 84101
Telephone: (801) 736-3199
Email:

Attorneys for Defendants

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>PLAINTIFF,<br><br>v.<br><br>PARAGON CONTRACTORS CORP. AND BRIAN JESSOP, individually,<br><br>DEFENDANTS. | Case No. 2:06 CV 00700<br><br><br>**DECLARATION OF DAVID BARLOW** |

I, David Barlow, state and declare as follows:

    1. I am an individual residing in Navajo County, State of Arizona.

    2. I am over the age of 18.

    3. I have personal knowledge of the facts set forth in this Declaration. If called to testify, I could and would testify as follows.

    4. Until 2014, I resided in Colorado City, Arizona where I was a member of the FLDS Church Community. As a member of that group, I, along with members of my family and others from the Community, participated in activities gathering nuts including the gleaning activities at the SUPR nut farm in Hurricane, Utah as well as the Wilson pecan farm which was nearby.

1

5. In all of the activities I participated in related to harvesting nuts, such as those at SUPR, I viewed myself and my family members as volunteers. I did not consider myself, or my family members, to be employees of any person or entity, including Paragon Contractors. No one from Paragon ever asked me to render services at SUPR and I did not answer to or even see any representative of Paragon at the gleaning activities. I was never forced to provide services, nor did I ever do so with the expectation of being paid for my efforts. No one promised any compensation to me, or to my family, and we did not receive any.

6. No one in my family was required to report to these gleaning activities at all let alone at any specific time or to stay for any set period. We were always free to choose whether to participate at all and if so when and for how long we would contribute our time. Our efforts were not supervised, controlled or directed by anyone other than to identify an area of the nut farm where nut residue remained on the ground to be picked up. The services we provided were seasonal and of short duration. No long term commitment was requested of or made by anyone in my family.

7. All of the nut harvesting activities my family participated in were performed either on SUPR which was owned by someone from Las Vegas or on the Wilson property which was owned by the Wilson family. None of the activities took place on any property owned by Paragon and to my knowledge no Paragon equipment was used. Most volunteers brought their own buckets for gathering the fallen nuts or they used buckets provided by other volunteers.

8. I did not depend upon my time or efforts at SUPR or at the Wilson farm for my economic wellbeing or financial support. Rather, I provided for my family by engaging in construction services repairing homes and building houses for members of the FLDS Community.

9. To my knowledge none of the FLDS Community members who participated in harvesting nuts at SUPR or at Wilson's farm were promised or were paid any compensation. As far as I knew, all of us contributed our time as volunteers for our own purposes in response to the invitation to assist with the Bishop's Storehouse.

10. The nut harvesting activities undertaken by all of us as FLDS Community members, including those at SUPR, were engaged in for the purpose of building up the food storage supply at the FLDS Bishop's Storehouse. The Bishop's Storehouse is a non-profit food bank established to care of the poor and needy. It collects food through volunteer efforts or contributions donated by individuals such as myself and other FLDS community members and then gives the food to those who are in need.

11. When it was time to gather nuts at the end of each season, I typically heard about the service opportunity through an announcement made during church meetings, via voice mail or by word of mouth. I never heard of it from anyone at Paragon.

12. Dale Barlow, who had a church calling to volunteer his time assisting in the Storehouse, was assigned as a spokesman to oversee contributions of food products into the Storehouse. I understood his role in the nut harvest activities to be in conjunction with his calling and service in the Storehouse.

13. It was because of the benefit to the Storehouse that I and my family participated in the nut harvesting activities. We did so entirely as a charitable service project to build up the Storehouse and we would not have participated had it been intended as an employment or money making endeavor for us.

14. In conjunction with the nut harvesting activities, I accepted Dale Barlow as the Bishop's Storehouse representative and never looked to, or considered, him as a representative of

Paragon. From my perspective Paragon did not organize, direct or control the activities I, or any other FLDS Community member, participated in at SUPR.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED this __14__ day of January 2016.

_____
David Barlow

## CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of January, 2016, I caused the foregoing **DECLARATION OF DAVID BARLOW** to be served via the Court's ECF electronic filing system, on the following:

John W. Huber, U.S. Attorney
John K. Mangum, Assistant U.S. Attorney
District of Utah
185 S. State St., #300
Salt Lake City, UT 84111-1506

M. Patricia Smith, Solicitor of Labor
James E. Culp, Regional Solicitor
John Rainwater, Associate Regional Solicitor
Karen Bobela, Trial Attorney
Alicia Truman, Trial Attorney
Lydia Tzagoloff, Senior Trial Attorney and Special Assistant US Attorney
1244 Speer Boulevard, Suite 515
Denver, CO 80204

/s/ Rick J. Sutherland
For Jackson Lewis PLLC

4811-5572-0748, v. 1