# INDEPENDENT CONTRACTOR AGREEMENT

This Independent Contractor Agreement ("Agreement") is made this 1st day of ~~April~~ June, ~~2011~~ 2012, by and between, on the one hand, (A) Southern Utah Pecan Ranch, Ltd., a Nevada limited liability company ("SUPR, Ltd."), and, on the other hand, (B) Paragon Contractors, a _____ company ("Contractor").

## RECITALS

Whereas, SUPR, Ltd. is the owner of a pecan grove and property located in Hurricane, Utah consisting of ___ acres; and

Whereas, there are approximately 4,500 producing pecan trees on the property currently growing a crop of pecans to be harvested; and

Whereas, Contractor has the experience and expertise to act as the manager and operator of the pecan groves; and

Whereas, SUPR, Ltd. desires to contract with and engage Contractor to manage and operate the pecan groves until the pecans have been harvested for the 2011-12 crop year; and

Whereas, Contractor desires to accept the engagement with SUPR, Ltd.; and

Whereas, the parties have agreed on certain terms and conditions with respect to farming and harvesting pecans;

Now, therefore, in exchange for good and valuable consideration, the receipt and legal sufficiency of which are acknowledged for all purposes, the parties have entered into this Agreement.

## AGREEMENT

1. **Incorporation of Recitals.** The foregoing recitals are incorporated by reference as a substantive part of this Agreement for all purposes.

2. **Independent Contractor.** SUPR, Ltd. offers to contract with Contractor and Contractor hereby accepts the offer.

Page 1 of 5

Exhibit 15



3.   Term. The term of this Agreement shall be from January 15, 2011 until all pecans have been harvested and sold and all clean up and repairs are made by Contractor, but not later than January 31, 2012.

4.   Duties. Contractor shall be responsible for performing all duties using Contractor's own methods and discretion and SUPR, Ltd. shall have no control over the manner, methods or day-to-day details of Contractor's farming duties. Initially, and without limitation, Contractor shall perform the following farm and other duties and will provide:

   a.   Security for the property. Contractor will have access to the groves for farming operations only.
   b.   Maintenance of the trees (pruning, trimming, fertilizing, watering, etc.).
   c.   Operational maintenance of the irrigation system (minor maintenance and cleaning of the drip lines, water valves and replacement of worn or lost drippers).
   d.   Operational maintenance of the irrigation pump, well and motor owned by SUPR, Ltd.
   e.   Operational maintenance of the existing equipment, tractors, mowers, nut handlers, sprayers, shakers, vehicles and trailers used in the operation of the groves. The equipment is owned by SUPR, Ltd. and will be returned in like condition, normal wear and tear excepted.
   f.   Fuel and oil used in the groves operational vehicles.
   g.   Fertilizer/pest control for the trees. Contractor will pay for 70% of the fertilizer/pest control.
   h.   General maintenance/cleaning of the premises including fields and buildings.
   i.   All labor for farming, mowing, irrigation, pruning, etc. and will promptly pay all workers.
   j.   Costs related to the nut gathering/harvesting operation.
   k.   Electricity for all operations. Contractor will promptly pay utility company bills and will not allow services to be disconnected for any reason including failure to pay.
   l.   Trash service as needed.
   m.   Maintenance of all improvements including existing buildings, structures, fences, etc. Improvements will be returned in like condition, normal wear and tear excepted.
   n.   On time payment of utilities and bills.

SUPR, Ltd. shall be responsible for the following:

a. Payment of the property taxes.

b. Providing access to Contractor of the equipment that is currently on the property including tractors, trailers, vehicles, mowers and nut harvesters. Contractor will not remove from or use the equipment off property except to be repaired.

c. SUPR, Ltd. will pay for repairs of tractors, mowers, nut handlers, shakers and vehicles if repair is necessary because of ordinary wear and tear and not negligence. SUPR, Ltd. may retrieve or dispose of equipment at its discretion and will have no obligation to repair.

d. Contractor will provide and pay for minor individual repairs (less than ~~$500~~ 250) of the equipment. For individual repairs costing more than ~~$500~~ 250, Contractor will pay for the first ~~$500~~ 250 and SUPR, Ltd. will pay for repairs costing in excess of ~~$500~~ 250.

e. The replacement /repair of major water line infrastructure if necessary.

f. Active involvement with state and local law enforcement for security and game and fish departments for control of pest abatement (deer and crows).

g. SUPR, Ltd. will pay for 30% of fertilizer/pest control product if applied. Contractor will be responsible for applications.

5. <u>Compensation</u>.

a. The 2011 pecan crop will be sold to Green Valley pecan growers unless a more profitable amount can be made from the sale of the pecans to others. From those proceeds, the following shall be paid:

   (1) 70% of the gross proceeds from the sale of the pecans will be to Contractor.
   (2) 30% of the gross proceeds will be paid to SUPR, Ltd.

6. <u>Independent Contractor Relationship</u>. It is understood and agreed that the parties intend that Contractor is engaged as an independent contractor, and not as a servant or employee, in a limited capacity and is not a general agent of SUPR, Ltd. The parties do not intend, and this Agreement shall not be construed, to create any relationship of partner or joint venture between the parties. Contractor is authorized to act for SUPR, Ltd. only in the limited capacities specified in this Agreement and shall not

have power or authority to bind SUPR, Ltd. to any transaction, contract, agreement, claim, debt or liability except as provided in this Agreement.

7. In performing the duties described in paragraph 4 and elsewhere in the agreement, Contractor may use individuals of Contractor's choosing to perform the work. Contractor shall hire competent workers. Those workers will not be employees of SUPR, Ltd; rather, they will be employees or subcontractors of Contractor. Contractor will be fully responsible for the employees and subcontractors and will be responsible to make payment of all wages, benefits, including workers and unemployment, taxes, withholdings and any other remuneration.

8. Non-exclusive Arrangement. Contractor shall devote such time as Contractor determines is necessary to fully perform Contractor's duties under this Agreement, but Contractor is not required to work exclusively for SUPR, Ltd.

9. Tax Matters; Licenses. SUPR, Ltd. is not responsible for any tax withholding, remitting or reporting on behalf of Contractor (except for reporting using Form 1099), and shall not withhold or deduct from Contractor's compensation, FICA, Social Security, Medicare, Unemployment Insurance or other Federal, state or local taxes of any kind, unless such withholding becomes legally required after the commencement of the Term.

10. Worker's Compensation and Unemployment Compensation Benefits. To the full extent permitted by law, Contractor acknowledges that he is not an employee of SUPR, Ltd. in any capacity and Contractor expressly disclaims and waives any claim or cause of action against SUPR, Ltd. or its principals for or related to workers' compensation insurance, liability or obligations and for unemployment compensation insurance, liability or obligations.

11. Successors and Assigns. This Agreement shall be binding upon, and inure to the benefit of, the parties, their heirs, executors, administrators, successors, and permitted assigns.

12. Severability. All covenants contained herein are severable. In the event any shall be held to be illegal or invalid by a competent court, the other provisions of this Agreement shall nevertheless remain in full force and effect, and be interpreted as though such illegal or invalid covenants were not contained herein.

13. Entire Agreement; Modification. This Agreement contains the entire understanding and agreement concerning the employment arrangement between the parties.

SU00005

14. <u>Governing Law</u>. This Agreement shall be governed by, interpreted under, and construed and enforced in accordance with the laws of the State of Utah.

15. <u>Attorneys' Fees</u>. In the event of any litigation or other proceeding concerning this Agreement in which SUPR, Ltd. is successful, SUPR, Ltd. shall be entitled to recover costs, attorneys' fees, and other expenses, including but not limited to expert witness fees.

IN WITNESS WHEREOF, the parties have executed this Agreement.

**SOUTHERN UTAH PECAN RANCH, LTD.**

By: _____
Its: Authorized Agent
Date: 10 June 12

**PARAGON CONTRACTORS**

_____
Date: June 10, 2012

# INDEPENDENT CONTRACTOR AGREEMENT

This Independent Contractor Agreement ("Agreement") is made this 25th day of June, 2011, by and between, on the one hand, (A) Southern Utah Pecan Ranch, Ltd., a Nevada limited liability company ("SUPR, Ltd."), and, on the other hand, (B) Paragon Contractors, a _____ company ("Contractor").

## RECITALS

Whereas, SUPR, Ltd. is the owner of a pecan grove and property located in Hurricane, Utah consisting of ___ acres; and

Whereas, there are approximately 4,500 producing pecan trees on the property currently growing a crop of pecans to be harvested; and

Whereas, Contractor has the experience and expertise to act as the manager and operator of the pecan groves; and

Whereas, SUPR, Ltd. desires to contract with and engage Contractor to manage and operate the pecan groves until the pecans have been harvested for the 2011-12 crop year; and

Whereas, Contractor desires to accept the engagement with SUPR, Ltd.; and

Whereas, the parties have agreed on certain terms and conditions with respect to farming and harvesting pecans;

Now, therefore, in exchange for good and valuable consideration, the receipt and legal sufficiency of which are acknowledged for all purposes, the parties have entered into this Agreement.

## AGREEMENT

1. <u>Incorporation of Recitals</u>. The foregoing recitals are incorporated by reference as a substantive part of this Agreement for all purposes.

2. <u>Independent Contractor</u>. SUPR, Ltd. offers to contract with Contractor and Contractor hereby accepts the offer.

3. <u>Term</u>. The term of this Agreement shall be from January 15, 2011 until all pecans have been harvested and sold and all clean up and repairs are made by Contractor, but not later than January 31, 2012.

4. <u>Duties</u>. Contractor shall be responsible for performing all duties using Contractor's own methods and discretion and SUPR, Ltd. shall have no control over the manner, methods or day-to-day details of Contractor's farming duties. Initially, and without limitation, Contractor shall perform the following farm and other duties and will provide:

   a. Security for the property. Contractor will have access to the groves for farming operations only.
   b. Maintenance of the trees (pruning, trimming, fertilizing, watering, etc.).
   c. Operational maintenance of the irrigation system (minor maintenance and cleaning of the drip lines, water valves and replacement of worn or lost drippers).
   d. Operational maintenance of the irrigation pump, well and motor owned by SUPR, Ltd.
   e. Operational maintenance of the existing equipment, tractors, mowers, nut handlers, sprayers, shakers, vehicles and trailers used in the operation of the groves. The equipment is owned by SUPR, Ltd. and will be returned in like condition, normal wear and tear excepted.
   f. Fuel and oil used in the groves operational vehicles.
   g. Fertilizer/pest control for the trees. Contractor will pay for 70% of the fertilizer/pest control.
   h. General maintenance/cleaning of the premises including fields and buildings.
   i. All labor for farming, mowing, irrigation, pruning, etc. and will promptly pay all workers.
   j. Costs related to the nut gathering/harvesting operation.
   k. Electricity for all operations. Contractor will promptly pay utility company bills and will not allow services to be disconnected for any reason including failure to pay.
   l. Trash service as needed.
   m. Maintenance of all improvements including existing buildings, structures, fences, etc. Improvements will be returned in like condition, normal wear and tear excepted.
   n. On time payment of utilities and bills.

SU00008

SUPR. Ltd. shall be responsible for the following:

a. Payment of the property taxes.
b. Providing access to Contractor of the equipment that is currently on the property including tractors, trailers, vehicles, mowers and nut harvesters. Contractor will not remove from or use the equipment off property except to be repaired.

c. SUPR, Ltd. will pay for repairs of tractors, mowers, nut handlers, shakers and vehicles if repair is necessary because of ordinary wear and tear and not negligence. SUPR, Ltd. may retrieve or dispose of equipment at its discretion and will have no obligation to repair. ~~Re-~~

d. Contractor will provide and pay for minor repairs (less than $500) of the equipment. *Contractor will pay the first $500.00 of repairs to equipment exceeding ~~the $500.00 threshold.~~*
e. The replacement /repair of major water line infrastructure if necessary. *For major repairs that exceed $500.00*

f. Active involvement with state and local law enforcement for security and game and fish departments for control of pest abatement (deer and crows).

g. SUPR, Ltd. will pay for 30% of fertilizer/pest control product if applied. Contractor will be responsible for applications.

5. <u>Compensation</u>.

a. The 2011 pecan crop will be sold to Green Valley pecan growers unless a more profitable amount can be made from the sale of the pecans to others. From those proceeds, the following shall be paid:

   (1) 70% of the gross proceeds from the sale of the pecans will be to Contractor.
   (2) 30% of the gross proceeds will be paid to SUPR, Ltd.

6. <u>Independent Contractor Relationship</u>. It is understood and agreed that the parties intend that Contractor is engaged as an independent contractor, and not as a servant or employee, in a limited capacity and is not a general agent of SUPR, Ltd. The parties do not intend, and this Agreement shall not be construed, to create any relationship of partner or joint venture between the parties. Contractor is authorized to act for SUPR, Ltd. only in the limited capacities specified in this Agreement and shall not have power or authority to bind SUPR. Ltd. to any transaction, contract, agreement, claim, debt or liability except as provided in this Agreement.

Page 3 of 5

7. In performing the duties described in paragraph 4 and elsewhere in the agreement, Contractor may use individuals of Contractor's choosing to perform the work. Contractor shall hire competent workers. Those workers will not be employees of SUPR, Ltd; rather, they will be employees or subcontractors of Contractor. Contractor will be fully responsible for the employees and subcontractors and will be responsible to make payment of all wages, benefits, including workers and unemployment, taxes, withholdings and any other remuneration.

8. Non-exclusive Arrangement. Contractor shall devote such time as Contractor determines is necessary to fully perform Contractor's duties under this Agreement, but Contractor is not required to work exclusively for SUPR, Ltd.

9. Tax Matters; Licenses. SUPR, Ltd. is not responsible for any tax withholding, remitting or reporting on behalf of Contractor (except for reporting using Form 1099), and shall not withhold or deduct from Contractor's compensation, FICA, Social Security, Medicare, Unemployment Insurance or other Federal, state or local taxes of any kind, unless such withholding becomes legally required after the commencement of the Term.

10. Worker's Compensation and Unemployment Compensation Benefits. To the full extent permitted by law, Contractor acknowledges that he is not an employee of SUPR, Ltd. in any capacity and Contractor expressly disclaims and waives any claim or cause of action against SUPR, Ltd. or its principals for or related to workers' compensation insurance, liability or obligations and for unemployment compensation insurance, liability or obligations.

11. Successors and Assigns. This Agreement shall be binding upon, and inure to the benefit of, the parties, their heirs, executors, administrators, successors, and permitted assigns.

12. Severability. All covenants contained herein are severable. In the event any shall be held to be illegal or invalid by a competent court, the other provisions of this Agreement shall nevertheless remain in full force and effect, and be interpreted as though such illegal or invalid covenants were not contained herein.

13. Entire Agreement; Modification. This Agreement contains the entire understanding and agreement concerning the employment arrangement between the parties.

14. Governing Law. This Agreement shall be governed by, interpreted under, and construed and enforced in accordance with the laws of the State of Utah.

Page 4 of 5

15. **Attorneys' Fees.** In the event of any litigation or other proceeding concerning this Agreement in which SUPR, Ltd. is successful, SUPR, Ltd. shall be entitled to recover costs, attorneys' fees, and other expenses, including but not limited to expert witness fees.

IN WITNESS WHEREOF, the parties have executed this Agreement.

**SOUTHERN UTAH PECAN RANCH, LTD.**

By: _[signature]_
Its: Authorized Agent
Date: 6/25/11

**PARAGON CONTRACTORS**

_[signature]_
Date: 6-25-11

Page 5 of 5

# INDEPENDENT CONTRACTOR AGREEMENT

This Independent Contractor Agreement ("Agreement") is made this 25th of March, 2010, by and between, on the one hand, (A) Southern Utah Pecan Ranch, Ltd., a Nevada limited liability company ("SUPR, Ltd."), and, on the other hand, (B) Paragon Contractors, a _____ company ("Contractor").

## RECITALS

Whereas, SUPR, Ltd. is the owner of a pecan grove and property located in Hurricane, Utah consisting of 125 acres; and

Whereas, there are approximately 5,000 producing pecan trees on the property currently growing a crop of pecans to be harvested; and

Whereas, Contractor has the experience and expertise to act as the manager and operator of the pecan groves; and

Whereas, SUPR, Ltd. desires to contract with and engage Contractor to manage and operate the pecan groves until the pecans have been harvested for the 2010-11 crop year; and

Whereas, Contractor desires to accept the engagement with SUPR, Ltd.; and

Whereas, the parties have agreed on certain terms and conditions with respect to farming and harvesting pecans;

Now, therefore, in exchange for good and valuable consideration, the receipt and legal sufficiency of which are acknowledged for all purposes, the parties have entered into this Agreement.

## AGREEMENT

1. <u>Incorporation of Recitals</u>. The foregoing recitals are incorporated by reference as a substantive part of this Agreement for all purposes.

2. <u>Independent Contractor</u>. SUPR, Ltd. offers to contract with Contractor and Contractor hereby accepts the offer.

Page 1 of 5

3. <u>Term</u>. The term of this Agreement shall be from January 15, 2010 until all pecans have been harvested and sold and all clean up and repairs are made by Contractor, but not later than January 31, 2011.

4. <u>Duties</u>. Contractor shall be responsible for performing all duties using Contractor's own methods and discretion and SUPR, Ltd. shall have no control over the manner, methods or day-to-day details of Contractor's farming duties. Initially, and without limitation, Contractor shall perform the following farm and other duties and will provide:

- a. Security for the property. Contractor will have access to the groves for farming operations only.
- b. Maintenance of the trees (pruning, trimming, fertilizing, watering, etc.).
- c. Operational maintenance of the irrigation system (minor maintenance and cleaning of the drip lines, water valves and replacement of worn or lost drippers).
- d. Operational maintenance of the irrigation pump, well and motor owned by SUPR, Ltd.
- e. Operational maintenance of the existing equipment, tractors, mowers, nut handlers, sprayers, shakers, vehicles and trailers used in the operation of the groves. The equipment is owned by SUPR, Ltd. and will be returned in like condition, normal wear and tear excepted.
- f. Fuel and oil used in the groves operational vehicles.
- g. Fertilizer/pest control for the trees.
- h. General maintenance/cleaning of the premises including fields and buildings.
- i. All labor for farming, mowing, irrigation, pruning, etc. and will promptly pay all workers.
- j. Transportation, porta toilets, meals for the nut gathering/processing operation.
- k. Electricity for all operations.
- l. Trash service as needed.
- m. Maintenance of all improvements including existing buildings, structures, horse trailers, fences, etc. Improvements will be returned in like condition, normal wear and tear excepted.

SUPR, Ltd. shall be responsible for the following:

- a. Payment of the property taxes.
- b. Providing access to Contractor of the equipment that is currently on the property including tractors, trailers, vehicles, mowers and nut harvesters.

SU00013

    Contractor will not remove from or use the equipment off property except to be repaired.

c. SUPR, Ltd. will pay for repairs of tractors, mowers, nut handlers, shakers and vehicles if repair is necessary because of ordinary wear and tear and not negligence. SUPR, Ltd. may retrieve or dispose of equipment at its discretion and will have no obligation to repair.

d. Contractor will provide and pay for minor repairs (less than $1,000) of the equipment.

e. The replacement /repair of major water line infrastructure if necessary.

f. Active involvement with state and local law enforcement for security and game and fish departments for control of pest abatement (deer and crows).

g. SUPR, Ltd. will pay for 50% of fertilizer/pest control product. Contractor will be responsible for applications.

5. <u>Compensation</u>.

a. The 2010 pecan crop will be sold to Green Valley pecan growers unless a more profitable amount can be made from the sale of the pecans to others. From those proceeds, the following shall be paid:

(1) 70% of the gross proceeds from the sale of the pecans will be to Contractor.
(2) 30% of the gross proceeds will be paid to SUPR, Ltd.

*[handwritten margin notes:]*
*178,817.05*
*− 70%*
*125,171.94*
*− 53,645.12*
*25,171.94*
*160.11*
*25,011.83*
*− A/R 160.11   125,011.83*

6. <u>Independent Contractor Relationship</u>. It is understood and agreed that the parties intend that Contractor is engaged as an independent contractor, and not as a servant or employee, in a limited capacity and is not a general agent of SUPR, Ltd. The parties do not intend, and this Agreement shall not be construed, to create any relationship of partner or joint venture between the parties. Contractor is authorized to act for SUPR, Ltd. only in the limited capacities specified in this Agreement and shall not have power or authority to bind SUPR, Ltd. to any transaction, contract, agreement, claim, debt or liability except as provided in this Agreement.

7. In performing the duties described in paragraph 4 and elsewhere in the agreement, Contractor may use individuals of Contractor's choosing to perform the work. Contractor shall hire competent workers. Those workers will not be employees of SUPR, Ltd, rather, they will be employees or subcontractors of Contractor. Contractor will be

Page 3 of 5

fully responsible for the employees and subcontractors and will be responsible to make payment of all wages, benefits, including workers and unemployment, taxes, withholdings and any other remuneration.

8. <u>Non-exclusive Arrangement</u>. Contractor shall devote such time as Contractor determines is necessary to fully perform Contractor's duties under this Agreement, but Contractor is not required to work exclusively for SUPR, Ltd.

9. <u>Tax Matters; Licenses</u>. SUPR, Ltd. is not responsible for any tax withholding, remitting or reporting on behalf of Contractor (except for reporting using Form 1099), and shall not withhold or deduct from Contractor's compensation, FICA, Social Security, Medicare, Unemployment Insurance or other Federal, state or local taxes of any kind, unless such withholding becomes legally required after the commencement of the Term.

10. <u>Worker's Compensation and Unemployment Compensation Benefits</u>. To the full extent permitted by law, Contractor acknowledges that he is not an employee of SUPR, Ltd. in any capacity and Contractor expressly disclaims and waives any claim or cause of action against SUPR, Ltd. or its principals for or related to workers' compensation insurance, liability or obligations and for unemployment compensation insurance, liability or obligations.

11. <u>Successors and Assigns</u>. This Agreement shall be binding upon, and inure to the benefit of, the parties, their heirs, executors, administrators, successors, and permitted assigns.

12. <u>Severability</u>. All covenants contained herein are severable. In the event any shall be held to be illegal or invalid by a competent court, the other provisions of this Agreement shall nevertheless remain in full force and effect, and be interpreted as though such illegal or invalid covenants were not contained herein.

13. <u>Entire Agreement; Modification</u>. This Agreement contains the entire understanding and agreement concerning the employment arrangement between the parties.

14. <u>Governing Law</u>. This Agreement shall be governed by, interpreted under, and construed and enforced in accordance with the laws of the State of Utah.

15. <u>Attorneys' Fees</u>. In the event of any litigation or other proceeding concerning this Agreement in which SUPR, Ltd. is successful, SUPR, Ltd. shall be entitled to recover costs, attorneys' fees, and other expenses, including but not limited to expert witness fees.

IN WITNESS WHEREOF, the parties have executed this Agreement.

**SOUTHERN UTAH PECAN RANCH, LTD.**

By: _____
Its: Authorized Agent
Date: 3/25/10

**PARAGON CONTRACTORS**

_____
BRIAN JESSOP
Date: 3-25-10

Page 5 of 5

SU00016