## DECLARATION OF JACOB GOEHL

I, Jacob Goehl, declare as follows:

1.  I am an investigator with the Wage and Hour Division of the United States Department of Labor, in the Flagstaff Field Office located at 1338 W Forest Meadows St Suite #120 Flagstaff, AZ 86001. I have been an investigator since March 4th, 2013.

2.  I conducted an investigation of Par 2 Contractors, LLC ("Par 2") in 2016, with another investigator in my office. Our investigation was limited to work done by Par 2 for Porter Brothers, the prime contractor, on the Marriott Residence Inn in downtown Flagstaff, AZ.

3.  We met with Par 2's site foreman, Phil Barlow, on November 23, 2016. Mr. Barlow was cagey throughout the investigation. He identified himself as a supervisor, with the caveat that he was paid hourly and not salary. He then stated that his rate of pay was confidential and he was not willing to provide that information to Wage Hour. He also stated that nobody under the age of 18 worked for Par 2.

4.  We proceeded to interview three employees from Par 2 to determine Par 2's compliance with the Fair Labor Standards Act. All three employees stated that their rates of pay were confidential and they refused to provide this information. In the absence of cooperation from employees, including Phil Barlow, I decided to forego any additional employee interviews and proceed with direct surveillance of the worksite.

5.  We requested and obtained payroll and other records from Par 2. The records revealed that two of the framers working at the job site were 17 years old. We inquired about the job duties of the 17-year olds during the initial conference which was attended by Jacob Barlow and Jeff Matura, Par 2's attorney. Jacob Barlow and Mr. Matura confirmed that all of the framers, including the 17-

1

year olds, used power nail guns and worked on the roof.

6. Based on information provided by Par 2's representatives, we determined that Par 2's employment of the 17-year olds violated the child labor provisions of Fair Labor Standards Act of 1938 (29 U.S.C. § 212), and related regulations, including Hazardous Order 5 (29 C.F.R. § 570.55, occupations involved in the operation of power-driven wood-working machines) and Hazardous Order 16 (29 C.F.R. § 570.67, occupations in roofing operations and on or about a roof). These regulations prohibit the employment of minors under the age of 18 from working in these occupations.

7. During the closing conference, I asked Mr. Matura why Par 2 allowed 17-year olds to perform these types of tasks. Mr. Matura stated that it was his belief that Par 2, being from an extremely rural area in Hildale, UT, likely became accustomed to allowing 17-year olds to perform these types of tasks and was unaware that any rules existed to indicate that it was illegal.

8. Wage Hour assessed a civil money penalty in the amount of $6,920.00. The Assessment and Notice to Employer is attached as Exhibit A. Par 2 accepted the violations, paid the penalty, and the case was administratively closed.

9. During the investigation, Par 2 confirmed its annual dollar volume of business in the amounts of $1,030,998 in 2014, $5,753,562 in 2015, and $8,022,510.87 YTD in 2016.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge and belief.

Executed this 19th day of December 2017.

_____
Jacob Goehl

**U.S. Department of Labor**  Wage and Hour Division
230 N. 1st Ave., Suite 402

Phoenix, AZ 85003
602-514-7100
602-514-7103

February 09, 2017

Certified Mail No.: 7010 3090 0001 1026 9731
Case Number:   1807675

Mr. Jeffrey Matura, Esq.
Graif Barrett & Matura, P.C.
1850 N Central Ave #500
Phoenix, AZ 85004

Subject: Assessment of Civil Money Penalty for Child Labor Violations against Par 2 Contractors, LLC dba Par 2 Contractors and Don Jessup, an individual

Dear Mr. Matura:

The recent investigation of your firm under the Fair Labor Standards Act (FLSA) disclosed that 2 minors were found employed contrary to the child labor provisions of the FLSA. As a result of the child labor violation(s) found and pursuant to Section 16(e) of the FLSA and 29 CFR Parts 579/580, a civil money penalty has been assessed. An enclosure to this letter lists the child labor violation(s) and the amount(s) assessed.

The total civil money penalty is $6,920.00.

This amount is due and payable within 30 days to "Wage and Hour Division, U.S. Department of Labor". Payment by certified check or money order should be mailed to the Western Regional Office, U.S. Dept. of Labor, Wage and Hour Div., 90 7th Street, Suite 13100, San Francisco, CA, 94103-6710.

The fact that a penalty is being assessed does not preclude the taking of other enforcement action as is deemed appropriate by the Department of Labor, nor does it preclude the assessment of a penalty for violations of the child labor provisions found at some future time. Also, the Genetic Information Nondiscrimination Act of 2008 (Pub. L 110-223) permits the assessment of a civil money penalty of $50,000 for each child labor violation occurring after May 20, 2008 that caused the death or serious injury of a minor. Such penalty may be doubled ($100,000) if the violation is found to be willful or repeated.

This debt is subject to the assessment of interest, administrative cost charges and penalties in accordance with the Debt Collection Improvement Act of 1995 and departmental policies. Interest will be assessed at the Treasury Tax and loan account rate on any principal that becomes delinquent. This rate is currently 1%. Administrative cost charges will be assessed to help defray the Government's cost of collecting this debt. A penalty at the rate of 6% will be assessed on any portion of the debt remaining delinquent for more than 90 days. In order to avoid these charges, forward payment to the Regional Office address listed above by the indicated due date.

You are hereby advised of the right to file an exception to the determination that the above violation(s) occurred. Such exception should be in the form of a letter that should be typed or legibly written, and should contain specific reason(s) why you believe that the child labor violation(s) at issue did not occur. The exception must be filed within 15 days from receipt of this assessment letter. The exception letter may be addressed to the Administrator, Wage and Hour Division, U. S. Department of Labor, in care of the originator of this letter at the address on the letterhead above. **Due to the delayed delivery of mail in certain areas, you may wish to transmit your exception to the**

**Exhibit A**

*District Office via Fax at 602-514-7103 to ensure timely receipt.*

Procedures for filing an exception are provided in the enclosed 29 CFR Part 580.6. For your information, when an exception is filed with the Wage and Hour Administrator, the matter is referred to the Chief Administrative Law Judge (ALJ) who assigns the case to an ALJ for hearing. A formal hearing is then scheduled for a final determination with respect to the alleged violation(s). At this hearing you may, by yourself or through an attorney retained by you, present witnesses, introduce evidence, and establish facts that you believe will support your exception. **If an exception is not filed within the required 15 days, the above determination shall become the final and unappealable Order of the Secretary of Labor.**

Copies of the "Notice to Employer -- Employment of Minors Contrary to the Fair Labor Standards Act" (Form WH-103) containing the names of each minor, the violations found for each minor, and the civil money penalties regulations (29 CFR 579/580) are enclosed for your reference.

Finally, we wish to point out that there may be a question as to the deductibility of civil money penalties paid as a business expense under the Internal Revenue Code. In this regard, you may wish to contact the Internal Revenue Service.

Sincerely,

*[signature]*

Susan Nern
Assistant District Director

Enclosures: Notice to Employer
Part 29 CFR 579/580

CC: Mr. Don Jessup

List of Violations and Amounts Assessed

1. HO - Non-Ag - 16 or 17
 Total Viols:4                    $$6,920.00

| U.S DEPARTMENT OF LABOR WAGE AND HOUR DIVISION | Control Number *1807675* |
|---|---|

## NOTICE TO EMPLOYER
## EMPLOYMENT OF MINORS CONTRARY TO THE FAIR LABOR STANDARDS ACT

| Name of Establishment | Address (St./RFD No., City, County, State, ZIP Code) |
|---|---|
| Trade Name: *Par 2 Contractors* <br> Legal Name: *Par 2 Contractors, LLC* | *PO Box 843235* <br> *780 N Pinion St* <br><br> *Hildale, UT 84784* |

| Product or Services | NAIC Code | Total Employees |
|---|---|---|
| *Framing* | *236220* | *40* |

| Left With Mailed to: Jeffrey Matura, Esq. | Title Graif Barrett & Matura, PC 1850 N. Central Ave #500 Phoenix, AZ 85004 | Date (Mo.,day,yr.) 02-09-2017 |
|---|---|---|
| Copies To | Title | |

This notice is to advise you that the investigation of your establishment indicates that the minors listed below have been employed by you contrary to the minimum-age standards of the Fair Labor Standards Act (FLSA). Failure to comply with any of the child labor provisions of the Fair Labor Standards Act (FLSA), including those failures noted herein below, may result in the assessment of a civil money penalty up to $11,000 per violation. A penalty of up to $50,000 may be assessed for each violation that caused the death or serious injury of a minor, and that penalty may be doubled, up to $100,000 per violation, when such violation is determined to be willful or repeated. In addition, all violations may also result in legal action. Unless verified, the dates of birth shown below should not be used for purposes of determining when the minors listed may be legally employed. This list may be incomplete because verification of the ages of all minors in your employ may disclose additional minors of oppressive child-labor age. You will receive an amended or supplemental notice if any changes are in order.

Investigator _[signature]_

Total number of minors illegally employed *2*

| Name of Minor | Place and Date of Birth (Mo.,day,yr.) *03/02/1999* | Father's Name |
|---|---|---|
| 1. *Barlow, Allister* <br> ☑ Local ☐ Migrant | ☐ Verified ☑ Not Verified | Mother's Maiden Name |

| Child Labor Standard(s) Violated | Period(s) of Illegal Employment | | Age(s) at Start of Violations |
|---|---|---|---|
| *18 year minimum – Power Nail Gun Under 18 Years* | *08/01/2016* | *12/06/2016* | *17* |
| *18 year minimum – Framing on a Roof under 18* | *08/01/2016* | *10/06/2016* | *17* |

Date: 02/01/2017 12:20:57 PM      Case ID: 1807675      Page 1

| Hazardous order(s) or HO/A item(s) violated: | 1 ☐ 2 ☐ 3 ☐ 4 ☐ 5 ☑ 6 ☐ 7 ☐ 8 ☐ 9 ☐ 10 ☐ <br> 11 ☐ 12 ☐ 13 ☐ 14 ☐ 15 ☐ 16 ☑ 17 ☐ | | |
|---|---|---|---|
| Injury Sustained in illegal employment | ☐ Permanent ☐ Serious ☐ Nonserious | | ☐ Time Lost |

| Name of Minor <br> 2. Barlow, Shane <br> ☑ Local ☐ Migrant | Place and Date of Birth (Mo.,day,yr.) 04/05/1999 <br> ☐ Verified ☑ Not Verified | Father's Name <br><br> Mother's Maiden Name |
|---|---|---|
| Child Labor Standard(s) Violated | Period(s) of Illegal Employment | Age(s) at Start of Violations |
| *18 year minimum - Power nail gun under 18 years* | *08/01/2016    12/06/2016* | *17* |
| *18 year minimum - Framing on a roof under 18* | *08/01/2016    12/06/2016* | *17* |

| Hazardous order(s) or HO/A item(s) violated: | 1 ☐ 2 ☐ 3 ☐ 4 ☐ 5 ☑ 6 ☐ 7 ☐ 8 ☐ 9 ☐ 10 ☐ <br> 11 ☐ 12 ☐ 13 ☐ 14 ☐ 15 ☐ 16 ☑ 17 ☐ | | |
|---|---|---|---|
| Injury Sustained in illegal employment | ☐ Permanent ☐ Serious ☐ Nonserious | | ☐ Time Lost |