R. Blake Hamilton, Utah Bar No. 11395
Durham Jones & Pinegar, P.C.
111 South Main Street, Suite 2400
Salt Lake City, Utah 84111
Telephone: 801-415-3000
Facsimile: 801-415-3500
bhamilton@djplaw.com

Jeffrey C. Matura, Arizona Bar No. 019893
Barrett & Matura, P.C.
8925 East Pima Center Parkway, Suite 100
Scottsdale, Arizona 85258
Telephone: 602-792-5705
Facsimile: 602-792-5710
jmatura@barrettmatura.com
Admitted Pro Hac Vice

Attorneys for Par 2 Contractors, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH CENTRAL DIVISION**

| | |
|---|---|
| R. ALEXANDER ACOSTA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>PARAGON CONTRACTORS CORP., and BRIAN JESSOP, individually,<br><br>Defendants. | Civil Action No.: 2:06-cv-00700 TC<br><br>**PAR 2 CONTRACTORS' SUPPLEMENTAL BRIEF** |

Par 2 Contractors, LLC submits the following Supplemental Brief pursuant

to this Court's November 20, 2017 request for further briefing regarding the legal

1

standard to determine successor liability under the Fair Labor Standards Act ("FLSA") in the context of a request for civil contempt. Par 2 Contractors submits that the standard is a three-step process: first, this Court must determine whether Par 2 Contractors is a bona fide successor to Paragon; second, this Court must determine whether Par 2 Contractors is bound by its Permanent Injunction; and third, this Court must determine whether the Department of Labor ("the Department") has proven by clear and convincing evidence that Par 2 Contractors violated the Permanent Injunction. Only if this Court finds against Par 2 Contractors on all three steps can it issue any ruling against it.

The Department admits that the Tenth Circuit has not adopted the factors set forth in *E.E.O.C. v. MacMillan Bloedel Containers, Inc.,* 503 F.2d 1086, 1094 (6th Cir. 1974) ("the *MacMillan* factors") to determine successor liability in the FLSA context. However, the Department points out that the Tenth Circuit has applied these factors to determine successor liability under Title VII and argues that this Court should now extend these factors to the FLSA. Par 2 Contractors does not dispute that the *MacMillan* factors are helpful to determine successor liability under the FLSA. However, the question before this Court is not whether Par 2 Contractors is liable as a successor for violating the FLSA; the question is whether this Court should hold Par 2 Contractors in contempt as a successor for violating its Permanent Injunction issued against Paragon and Brian Jessop in 2007.

Thus, while the *MacMillan* factors can help determine whether Par 2 Contractors is liable for statutory violations committed by Paragon or Brian Jessop, they do not provide the appropriate framework to determine whether this Court should hold Par 2 Contractors in contempt. Par 2 Contractors sets forth the appropriate framework below.

II.   **THIS COURT MUST FIRST DETERMINE WHETHER PAR 2 CONTRACTORS IS A BONA FIDE SUCCESSOR, THEN MUST DETERMINE IF PAR 2 CONTRACTORS IS BOUND BY THE PERMANENT INJUNCTION, AND THEN MUST DETERMINE BY CLEAR AND CONVINCING EVIDENCE WHETHER PAR 2 VIOLATED THAT INJUNCTION.**

To determine whether this Court can hold Par 2 Contractors in contempt for violating its Permanent Injunction begins with an analysis as to whether Par 2 Contractors is even bound by that Injunction. This analysis requires this Court to first determine whether Par 2 Contractors is a bona fide successor-in-interest to Paragon or a successor entity formed solely for Paragon to avoid the effects of the Injunction. If this Court concludes that the answer to both is in the negative, then its analysis ends. But if this Court finds either of these items in the affirmative, it must then apply the heightened clear and convincing standard to determine whether that it should also hold Par 2 Contractors in contempt. A simple application of the *MacMillan* factors, as the Department suggests, is therefore inappropriate and shows a lack of understanding of the issue now before this Court.

The first place to start to understand why the *MacMillan* factors do not answer the question of whether this Court should hold Par 2 Contractors in contempt is to review the reasoning of the *MacMillan* decision and its factors. In *MacMillan*, the Sixth Circuit applied nine factors to determine whether liability can be imposed upon a successor entity for violating Title VII in an employer discrimination case. These factors included: (1) whether the successor entity had notice of the charge prior to acquiring the business or assets of the predecessor; (2) the ability of the predecessor to provide relief; (3) whether there has been a substantial continuity of business operations; (4) whether the new employer uses the same facility; (5) whether the successor uses the same work force; (6) whether the management and supervisory personnel remain essentially constant; (7) whether the same jobs exist under the same working conditions; (8) whether the successor uses the same equipment and methods of business; and (9) whether the successor produces or sells the same product. *MacMillan,* at 1094. Subsequent Courts have refined these nine factors into three: (1) whether the successor entity had prior notice of the claim against the predecessor; (2) whether the predecessor can provide the relief requested; and (3) whether sufficient continuity in the business operations of the predecessor and successor entities exist. *See Wheeler v. Snyder Buick, Inc.*, 794 F.2d 1228, 1236 (7th Cir. 1986). The first two factors are considered "critical" because Courts recognize that it is "grossly unfair, except in

the most exceptional of circumstances, to impose successor liability on an innocent purchaser when the predecessor is fully capable of providing relief." *Musikiwamba v. ESSI, Inc.,* 760 F.2d 740, 752 (7th Cir. 1985).

These factors address whether a successor entity is legally responsible for a <u>statutory</u> <u>violation</u> committed by a predecessor. These factors make sense in the context of a statutory violation because a successor that had notice of a pending claim may still be liable for that claim after purchasing the predecessor and continuing its operations under a different name. It also makes sense that a Court may impose liability for the statutory violation on the successor if the predecessor no longer exists as a formal entity and cannot satisfying a judgment.

These factors do not so easily apply when the issue is whether to hold a successor entity in contempt for violating an injunction entered against the predecessor. The first *MacMillan* factor, for example, requires the Court to analyze whether the successor had prior notice of the <u>claim</u> against the predecessor. But the Department is not seeking to enforce a claim; it seeks to enforce the Permanent Injunction. Similarly, the second factor (whether the predecessor can provide the relief requested) does not apply when considering whether the successor is in contempt for violating an injunction. Because these first two factors are the most "critical" to determine successor liability, but neither factor logically applies when considering successor liability with respect to

contempt of an injunction, the *MacMillan* factors are not decisive of liability in this matter.

The Department's citation to *Teed v. Thomas & Betts Power Solutions, L.L.C.*, 711 F.3d 763 (7th Cir. 2013), to support its argument that federal common law successor liability applies in an FLSA case is also inapplicable because the Court in that case correctly recognized that successor liability applies only when liability is based upon a violation of a federal statute relating to labor relations or employment. *Id.* at 764. The issue now before this Court is different, most fundamentally because the Department wants this Court to impose successor liability upon Par 2 Contractors for violating the Injunction, not a statute.

The appropriate analysis, therefore, is for this Court to first determine whether Par 2 Contractors is bound by the Permanent Injunction as a bona fide successor-in-interest or as a successor entity formed solely so that Paragon could avoid that Injunction. This analysis is fact intensive, as "whether a new organization is the successor of an enjoined organization depends upon the facts and circumstances of the case." *Howard Johnson Co. v. Detroit Local Joint Executive Bd., Hotel & Restaurant Employees Int'l Union,* 417 U.S. 249, 256 (1974) (a case-by-case approach is particularly appropriate in light of the difficulty of successorship question); *see also People of State of N.Y. by Vacco v. Operation Rescue Nat.,* 80 F.3d 64, 70 (2nd Cir. 1996) ("The critical inquiry is whether there

is a substantial continuity of identity between the two organizations."). This Court can use the *MacMillen* factors as a guide to determine whether Par 2 Contractors is a bona fide successor, but they are not determinative to this Court's conclusion on this issue. Then, if this Court concludes that Par 2 Contractors is not a bona fide successor or a successor formed solely so that Paragon could avoid the Injunction, its analysis ends and it cannot hold Par 2 Contractors in contempt. Only if this Court reaches a conclusion in the affirmative on either successor issue does it then move to the second step in the analysis.

The second step requires this Court to determine whether Par 2 Contractors is bound by the Permanent Injunction. Federal Civil Procedure Rule 65(d)(2) governs who is bound by an injunction and states the following:

> **Persons Bound.** This order binds only the following who receive actual notice of it by personal service or otherwise:
>
> (A) the parties;
>
> (B) the parties' officers, agents, servants, employees, and attorneys; and
>
> (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

Notably, "a court may not enter an injunction against a person who has not been made a party to the case before it." *See Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc.*, 96 F.3d 1390, 1394 (Fed. Cir. 1996). Moreover, "courts may not grant an enforcement order or an injunction so broad as to make

punishable the conduct of persons who act independently and whose rights have not been adjudged according to law." *Regal Knitwear Co. v. N.L.R.B.*, 324 U.S. 9 (1945).  If this Court concludes that Par 2 Contractors is not bound by the Injunction, this Court's analysis again ends and it cannot hold Par 2 Contactors in contempt.  Only if it finds that Par 2 Contractors is bound by the Injunction does this Court then move to the third and final step.

The third and final step requires the Department to show by <u>clear and convincing evidence</u> that: (i) a valid Injunction existed; (ii) Par 2 Contractors had knowledge of that Injunction; and (iii) Par 2 Contractors knowingly disobeyed that Injunction. *Reliance Ins. Co. v. Mast Const. Co.,* 159 F.3d 1311, 1315 (10th Cir. 1998).  Although "intent" to comply with an injunction is not dispositive, it is relevant. *See National Spiritual Assembly of Baha'is of U.S. v. National Spiritual Assembly,* 547 F.Supp.2d 879 (N.D. Ill. 2008).  The Department's supplemental briefing ignores this heightened standard that it must meet before this Court can find Par 2 Contractors in contempt.

## II.   CONCLUSION.

This Court must apply the three-step analysis outlined above.  The *MacMillan* factors are helpful for this Court to determine whether Par 2 Contractors is a bona fide successor, but they are not dispositive or determinative on that issue.  Even still, this Court must work through each step in the analysis

before it can hold Par 2 Contractors in contempt.  Par 2 Contractors will present evidence during the evidentiary hearing to show that none of the three factors in the analysis are met; therefore, this Court should not hold Par 2 Contractors in contempt.

Dated on February 2, 2018.

                              DURHAM JONES & PINEGAR, P.C.

                              By:   /s/ R. Blake Hamilton
                                    R. Blake Hamilton
                                    111 South Main Street
                                    Suite 2400
                                    Salt Lake City, Utah 84111

                              BARRETT & MATURA, P.C.

                              By:   /s/ Jeffrey C. Matura
                                    Jeffrey C. Matura
                                    8925 East Pima Center Pkwy,
                                    Suite 100
                                    Scottsdale, Arizona 85258

                                    Attorneys for Par 2 Contractors, LLC

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served on February 2, 2018 through the Court's CM/ECF system on the following parties:

Karen E. Bobela
Nicholas C. Geale
James E. Culp
John Rainwater
Lydia Tzagoloff
Alicia A.W. Truman
United States Department of Labor
Office of the Solicitor
1244 Speer Blvd., Suite 515
Denver, Colorado 80204-3516
Attorneys for Plaintiff


Rick J. Sutherland
Jackson Lewis PLLC
222 South Main Street, Suite 500
Salt Lake City, Utah 84101
Attorneys for Defendants


/s/ Carolyn Harrington