IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PATRICK PIZZELLA,[1] ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>vs.<br><br>PARAGON CONTRACTORS CORPORATION, JAMES JESSOP, and BRIAN JESSOP,<br><br>Defendants.<br>and<br><br>PAR 2 CONTRACTORS, LLC,<br><br>Intervenor Defendant. | ORDER AND<br>MEMORANDUM DECISION<br>DENYING MOTION TO STAY ORDER<br>PENDING APPEAL<br><br>Case No. 2:06-cv-700-TC |

In this contempt matter, the court, on July 2, 2019, issued an order entitled "Findings of Fact and Conclusions of Law Re: Calculation of Back Wages" (ECF No. 241) ("Order"). The Order followed the court's 2016 finding that Defendants were in contempt of the court's 2007 Injunction barring violations of the child labor laws.[2] In the Order, the court held that Defendants were liable "to children who worked without pay from 2008 to 2013 at a pecan farm in southern Utah in violation of the court's 2007 injunction and the child labor provisions of the

---

[1] Originally, Thomas E. Perez, who was the Secretary of Labor at the time this action was filed, was the named plaintiff. He and other successors have since been replaced by Patrick Pizzella, the current (acting) Secretary of Labor.

[2] That ruling was affirmed by the Tenth Circuit in Acosta v. Paragon Contractors Corporation, 884 F.3d 1225 (10th Cir. 2018).

1

Fair Labor Standards Act (FLSA)" in the amount of $1,012,960.90 in back wages. (Order at 1–2.)

Defendants Paragon Contractors Corporation and Brian Jessop have appealed the Order and now move this court for a stay pending resolution of their appeal. (See Defs.' Mot. for Stay of This Court's Order Pending Appeal, ECF No. 246.) Because the Defendants have not satisfied their burden to obtain a stay, their Motion is DENIED.

A. **Applicable Standard**

When determining whether to issue a stay of an order pending appeal, the court considers four factors: "(1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay or injunction is not granted; (3) the absence of harm to opposing parties if the stay or injunction is granted; and (4) any risk of harm to the public interest." FTC v. Mainstream Mktg. Servs., Inc., 345 F.3d 850, 852 (10th Cir. 2003). If the movant shows "that the three 'harm' factors tip decidedly in its favor, the 'probability of success' requirement is somewhat relaxed." Id. at 852 (quoting Prairie Band of Potawatomi Indians v. Pierce, 253 F.3d 1234, 1246 (10th Cir. 2001)). In that situation, the movant need only show "questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." Prairie Band, 253 F.3d at 1246–47.

B. **The Court's Order**

In the Order, the court addressed the Proposed Schedule of Payments (ECF No. 189) submitted by the Department of Labor Wage and Hour Division (Wage Hour). The Order was issued after the court held a November 2018 evidentiary hearing "to evaluate the evidence and methods underlying Wage Hour's calculations." (Order at 3–4.)

Because the court had already found contempt, the proceeding was limited to a determination of the contempt remedy, which required reconstruction of back pay owed to the children. The court applied the standard set forth in the "seminal FLSA back wage reconstruction case of Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946)." (Id. at 15.) In addition, because the court's decision concerned Defendants' contempt, the court noted that "the amount must be based upon the actual losses sustained as a result of the contempt, and cannot be speculative or arbitrary. See O'Connor v. Midwest Pipe Fabrication, Inc., 972 F.2d 1204, 1211 (10th Cir. 1992)." (Id. at 16.) Ultimately, the court found that Plaintiff "met his burden to establish losses sustained by the minors as a result of Defendants' contumacy by just and reasonable inference with evidence that is neither speculative nor arbitrary." (Id.)

C. **The Four Factors**

1. **Likelihood of Success on the Merits**

Defendants contend that the court's decision "lacks any clear legal precedent in the context presented here." (Mot. for Stay at 3.) They are referring to what they believe is "the proper approach for calculation of compensatory sanctions in a contempt case involving back wages under the FLSA." (Id.) They also contend that the Plaintiff's proof of the back pay obligations was inadequate. (Id. at 4.)

Defendants repeat arguments they made during the court's reconstruction of the back-pay award. The court has already considered and rejected those arguments.

They cite to Bad Ass Coffee Co. of Hawaii, Inc. v. Bad Ass Coffee Ltd. Partnership, 95 F. Supp. 2d 1252 (D. Utah 2000), to suggest that the court applied an incorrect standard of proof. But Bad Ass Coffee applied the standard set forth in O'Connor v. Midwest Pipe Fabrications, Inc., 972 F.2d 1204 (10th Cir. 1992), the very same standard this court applied in the Order now

3

on appeal. That law is well established, as is the seminal back wage reconstruction case of Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680 (1946), upon which the court relied to calculate back pay.

Defendants also disagree with the court's evaluation of Wage Hour's evidence in light of the standards articulated in Bad Ass Coffee and Mt. Clemens. The points they raise now were addressed by the court in its Order and nothing has changed.

In short, Defendants do not present anything new. They have not shown a likelihood of success on the merits. And because the court finds below that they have not shown the remaining three factors "tip decidedly in their favor," the court will not consider their argument that the appeal presents "questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation." Prairie Band, 253 F.3d at 1246–47.

### 2. Irreparable Harm

Defendants contend that Mr. Jessop will be irreparably harmed absent a stay because the "imposition of a combined total judgment in excess of one million dollars for illegally employing children carries with it a stigma that will be a burden for the rest of Defendant Jessop's life, and will subject him to ridicule and rejection causing great mental anguish, disgrace and ostracism." (Mot. to Stay at 5.) They further conclude that "[e]fforts to compel payment of such a judgment pending appeal only serve to exacerbate the irreparable injury" to Mr. Jessop. (Id.) They do not suggest how Defendant Paragon would be irreparably harmed.

Defendants do not provide any support for their conclusory assertions. And, as Plaintiff notes, they "have already been found in contempt for illegally employing hundreds of children by clear and convincing evidence, a decision that was upheld by the Tenth Circuit. Any stigma

4

associated with illegally employing children has already attached, regardless of whether the back wage judgment is stayed." (Opp'n to Defs.' Mot. for a Stay of This Court's Order Pending Appeal at 3, ECF No. 248 (internal citation omitted).)

Defendants have not met their burden to show they would be irreparably harmed unless a stay of the Order is imposed.

### 3. Harm to Opposing Parties

Defendants next contend that issuance of a stay "will not substantially injure others." (Mot. Stay at 6.) They say that "none of the children were expecting any compensation," the children were not promised or enticed by wage payments, and none "relied upon Defendants for income or to provide for their economic well-being." (Id.) They cite nothing to support those assertions.

Contrary to Defendants' assertion, both the Plaintiff and those entitled to back pay will be harmed if payment is delayed once again. As Plaintiff notes, the Department of Labor "has an obligation to enforce the provisions of the FLSA and Defendants have been obstructing its ability to do so for over six years." (Opp'n at 4.) In addition, delaying the workers' remedy would "continue to prolong the repayment of back wages" owed to them and would result in "a tremendous injustice." (Id.)

Defendants have not satisfied their burden to show that a stay would not harm the opposing parties.

### 4. Public Interest

Defendants contend that the standard for calculating FLSA back wages in a contempt case is not clear and "[i]n the absence of such guidance, it would be premature to impose such significant consequences on Defendants or on anyone else, without clear rules[.]" (Mot. Stay at

5

6.) According to Defendants, the court is "enforcing a newly crafted rule" that must be tested in an appeal before being imposed on future litigants. (Id. at 7.)

Their position is not persuasive. As noted above, the standard is already set forth in established case law. In fact, *denying* the stay is in the best interest of the public. As Plaintiff notes in his opposition, "[t]he public has an interest in ensuring that the Court's legitimate authority to impose sanctions for failure to comply with an injunction is not needlessly thwarted or undermined, minor workers are not employed in contravention of the FLSA, unfair competition is eliminated, and the courts are not used as tolls of delay." (Opp'n at 5.)

In short, Defendants have not met their burden on this element.

**D.** **Conclusion**

Defendants have not established that any of the "harm factors" weigh in their favor, much less that those factors "tip decidedly" in their favor. For that reason, the standard for likelihood of success is not relaxed. And they have not established a substantial likelihood of success. Accordingly, they are not entitled to a stay of the court's July 2019 Order.

## ORDER

For the foregoing reasons, Defendants' Motion for a Stay of This Court's Order Pending Appeal (ECF No. 246) is DENIED.

DATED this 24th day of October, 2019.

BY THE COURT:

TENA CAMPBELL
U.S. District Court Judge