IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>    PLAINTIFF,<br><br>v.<br><br>PARAGON CONTRACTORS CORP. and BRIAN JESSOP, individually<br><br>    DEFENDANTS,<br><br>PAR 2 CONTRACTORS, LLC,<br><br>    INTERVENOR DEFENDANT. | Civil Action No.  2:06-cv-00700 TC<br><br><br>**PAR 2'S RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TO COMPEL BUSINESS RECORDS AND IN CAMERA DEPOSITION TESTIMONY** |

Intervenor Defendant Par 2 Contractors, LLC ("Par 2") responds to the Secretary of Labor's ("Secretary") Motion for Preliminary Injunction and to Compel Business Records and in Camera Deposition Testimony [Doc. 267] as follows.

First, Par 2 objects to the expedited briefing ordered by the Court, which precludes Par 2's counsel from substantively addressing all the issues raised in the Motion.  The Secretary filed the Motion on January 11, 2021, at 4:45 p.m. [Doc. 267].  At 6:33 p.m. the same day, the Court issued an order directing all Defendants (including Par 2) to file a response by 1:00 p.m. on January 12, 2021 [Doc. 268].  Issuing an order after hours and requiring a response by 1:00 p.m. the next day to a 12-page motion that raises issues dating back several years is unfair to Par 2, violates its due process rights, and precludes Par 2 from fully and substantively responding to every issue raised in the Motion.

Second, the thrust of the Secretary's argument is its concern that Par 2 is dissolving to hide assets.  This argument is without merit, without any support, and based solely upon the

1

Secretary's unfounded fears.  Par 2 last had business operations in August 2019.  Since then, it has not started any construction projects and has not had any employees other than Don Jessop.  Don Jessop remained the sole employee throughout 2020 to conduct an orderly winddown of the business, which is what occurred.

Third, the Secretary's argument that Par 2 has avoided its financial arguments is false.  On December 23, 2020, Par 2 mailed a check to the Secretary in the amount of $31,921.63, which is the full amount of the Secretary's attorneys' fees and costs that the Court ordered Par 2 to pay.  The Secretary has for some unknown reason failed to cash that check, but Par 2 made full and timely payment.  With respect to the $50,000 payment into a fund to train Par 2's employees, Par 2 has wound down its business, no longer has any business operations, and does not have any employees to train.  This fact was explained to the Secretary's counsel in December 2020.

Fourth, the Secretary does not cite any legal authority to support its extraordinary request that the Court enjoin Par 2 from formally dissolving.  Based upon research by Par 2's counsel (which was admittedly quick due to the expedited briefing schedule), no federal appellate court in the United States has approved an injunction to enjoin a business entity from formally dissolving.  Also, Par 2 has already wound down its business operations; therefore, the Secretary seeks to enjoin Par 2 from doing something that has already occurred.

Fifth, the Secretary also requests that the Court order Par 2 to produce the documents listed on Exhibit 2 to the Secretary's Motion.  The Secretary has never requested these documents from Par 2; therefore, its request for an order to compel is premature and improper.  If the Secretary desires to obtain these documents, the Secretary can make a request to Par 2, which will then produce the requested documents or raise any necessary objections.  If the

parties cannot resolve those objections, a motion to the Court is then appropriate. But rather than follow the normal course, the Secretary requests an order from the Court compelling Par 2 to produce documents that the Secretary has never even requested.

Sixth, the Secretary cannot meet all the elements necessary to support its request for injunctive relief. Each element is briefly discussed below:

1. <u>Irreparable Injury.</u>  No evidence exists the Secretary will suffer irreparable injury without an injunction. The Secretary wants to inquire about Par 2's "recent business activities" to determine whether any intent exists to evade existing or future orders from the Court. *See* Motion, at p. 10. The Secretary can inquire into this issue without an injunction by requesting Par 2's tax returns, conducting discovery into Par 2's business operations, etc. No injunction is necessary to enable the Secretary to inquire into these issues. Therefore, the Secretary would not suffer irreparable injury without an injunction.

2. <u>Balance of Harms.</u>  The Secretary argues the balance of harms favors an injunction because Par 2 has avoided its financial obligations. As set forth above, this argument is false. Par 2 timely and fully paid the attorneys' fees and costs the Court ordered it to pay. In contrast, ordering Par 2 to remain in business – when it has no business operations and no employees – makes no sense and would harm Par 2 because it would be required to maintain a business entity that is already wound down.

3. <u>Public Interest.</u>  The public interest is not served by issuing an injunction to preclude Par 2 from formally dissolving. Par 2 is a separate legal entity. It is not enslaved to the Secretary. As of August 2019, it has not had any new business operations and currently has no employees. The entity is defunct, except for filing any necessary tax returns or corporate filings for 2020. If the Court were to order Par 2 to somehow remain in business, it would harm

the public interest and intrude upon a business entity's rights and abilities to govern its own business operations.  The Court need not micromanage Par 2's business.  The Secretary can obtain the same discovery without an injunction.

        4.    <u>Likelihood of Prevailing on Merits.</u>  To support its argument that the Secretary will prevail on the merits, the Secretary argues Par 2 is liable for the attorneys' fees, costs, and training fund amounts.  Again, Par 2 has already paid the attorneys' fees and costs.  With respect to the training fund, no employees exist to train.  Finally, with respect to the back wages, the Court has not yet concluded whether Par 2 is liable for the back wages order entered against Paragon, but even if the Court eventually reaches that conclusion, an injunction is not necessary to protect the Secretary's rights.  Enjoining Par 2 from formally dissolving after it has already wound down, no longer has any business operations, and no longer has any employees is an exercise in futility.  The Secretary has the same access to the same tax returns and the same discovery regarding Par 2's business operations over the last year and its decision to winddown without an injunction.

Finally, if the Court disagrees with Par 2's arguments and decides to enter an injunction against Par 2, the Court should require the Secretary to post a bond.  The bond should be in an amount sufficient to cover any liability (tax or otherwise) that Par 2 may incur by not being able to formally dissolve its company.

Dated on January 12, 2021.

                                      BARRETT & MATURA, P.C.

                                      By:   /s/ Jeffrey C. Matura
                                                Jeffrey C. Matura
                                                8925 East Pima Center Pkwy, Suite 215
                                                Scottsdale, Arizona 85258
                                                Attorneys for Par 2 Contractors, LLC

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on January 12, 2021 through the Court's CM/ECF system on the following parties:

Karen E. Bobela
Nicholas C. Geale
James E. Culp
John Rainwater
Lydia Tzagoloff
Alicia A.W. Truman
United States Department of Labor
Office of the Solicitor
1244 Speer Blvd., Suite 515
Denver, Colorado 80204-3516
Attorneys for Plaintiff Department of Labor

Rick J. Sutherland
Jackson Lewis PLLC
222 South Main Street, Suite 500
Salt Lake City, Utah 84101
Attorneys for Defendants Paragon Contractors Corp. and Brian Jessop

/s/ Susan Saville
Susan Saville