IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>    PLAINTIFF,<br><br>v.<br><br>PARAGON CONTRACTORS CORP. and BRIAN JESSOP, individually<br><br>    DEFENDANTS,<br><br>PAR 2 CONTRACTORS, LLC,<br><br>    INTERVENOR DEFENDANT. | Civil Action No. 2:06-cv-00700 TC<br><br><br>**PAR 2'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TO COMPEL BUSINESS RECORDS AND IN CAMERA DEPOSITION TESTIMONY** |

    Pursuant to the Court's Order [Doc. 272], Intervenor Defendant Par 2 Contractors, LLC ("Par 2") provides the following supplemental response to the Secretary of Labor's Motion for Preliminary Injunction and to Compel Business Records and in Camera Deposition Testimony [Doc. 267]. This supplemental response incorporates the response [Doc. 270] that Par 2 previously filed with respect to the Secretary's Motion.

    The Secretary questions the legitimacy of Par 2's decision to winddown its business operations. From the Secretary's perspective, Par 2 is an indentured servant and can never cease its business operations. The Secretary's perspective is of course illogical and legally untenable, as it cannot force Par 2 to continue to operate. Yet, the Secretary filed its Motion to request certain business records from Par 2 and to depose a representative from Par 2 to learn more about its decision to winddown. Par 2 does not

1

object to the Secretary's requests and believes the parties could have resolved this issue through normal discovery and without the need for a motion and Court intervention. Par 2 does object, however, to the scope of the Secretary's document requests because some are exceedingly broad and unrelated to Par 2's decision to winddown its business operations.

Attached as Exhibit 2 to the Secretary's Motion is a list of documents it requests from Par 2. Par 2 provides the following responses and objections to each request:

Request 1:   Par 2 agrees to produce its tax returns for 2017, 2018, and 2019. Its tax returns for 2020 are not yet complete.

Request 2:   Par 2 does not have "audited" financial statements; however, its tax returns would provide the same financial information.

Request 3:   Par 2 agrees to produce a financial statement for 2020. The tax returns for 2017, 2018, and 2019 would contain the same information.

Request 4:   Par 2 objects to producing its bank statements. Its tax returns for 2017, 2018, and 2019, and its financial statement for 2020 will provide the same information.

Request 5:   This request is duplicative. Par 2 agrees to produce its tax returns for 2017, 2018, and 2019, and to produce its financial statement for 2020.

Request 6:    Part 2 objects to producing copies of contracts for jobs performed during the past three years. These contracts are irrelevant to its decision to winddown its business operations.

Request 7:    Par 2 does not have an operating agreement, shareholder agreement, stock ledger, asset purchase or sale agreement, or other requested documents. The only corporate documents that exist are those filed with the Utah Division of Corporations, which the Secretary already has or can pull directly from the public website.

Request 8:    Par 2 objects to producing copies of business licenses, permits, and registrations. Its tax returns and financial statement will provide the information the Secretary seeks regarding its business operations.

Request 9:    Par 2 objects to producing copies of its insurance policies. Insurance policies are irrelevant to its decision to winddown its business operations.

Request 10:    Par 2 does not have any promissory notes or other documents evidencing any money owed to Par 2.

Request 11:    Par 2 does not have any deeds, bills of sale, or other documents prepared in connection with any transfer made by Par 2 by gift, sale, or otherwise within the last three years.

Request 12:    Par 2 does not have any deeds, leases, contracts, or other documents representing any ownership interest in any real property.

Par 2 is willing to provide its tax returns and financial statement, which will contain the financial information the Secretary needs to analyze Par 2's decision to winddown its business operations. If the Secretary has follow-up questions, Par 2 is willing to have its representative sit for a deposition.

For these reasons, as well as those set forth in Par 2's original response, Par 2 requests that the Court deny the Secretary's Motion and instead issue an order directing Par 2 to produce its tax returns for 2017, 2018, and 2019, to produce a financial statement for 2020, and to designate a representative to sit for a deposition in the event the Secretary has follow-up questions.

Dated on January 22, 2021.

                                            BARRETT & MATURA, P.C.

                                            By:   /s/ Jeffrey C. Matura
                                                    Jeffrey C. Matura
                                                    8925 East Pima Center Pkwy,
                                                    Suite 215
                                                    Scottsdale, Arizona 85258

                                                    Attorneys for Par 2 Contractors, LLC

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing was served on January 22, 2021 through the Court's CM/ECF system on the following parties:

Karen E. Bobela
Nicholas C. Geale
James E. Culp
John Rainwater
Lydia Tzagoloff
Alicia A.W. Truman
United States Department of Labor
Office of the Solicitor
1244 Speer Blvd., Suite 515
Denver, Colorado 80204-3516
Attorneys for Plaintiff Department of Labor


Rick J. Sutherland
Jackson Lewis PLLC
222 South Main Street, Suite 500
Salt Lake City, Utah 84101
Attorneys for Defendants Paragon Contractors Corp.
and Brian Jessop

/s/ Susan Saville
Susan Saville