Rick J. Sutherland (USB #3162)
M. Christopher Moon (USB #14880)
JACKSON LEWIS PLLC
215 S. State Street, Suite 760
Salt Lake City, Utah 84111
Telephone:  (801) 736-3199
Email: Rick.Sutherland@jacksonlewis.com
       Chris.Moon@jacksonlewis.com
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| EUGENE SCALIA, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>    PLAINTIFF,<br><br>v.<br><br>PARAGON CONTRACTORS CORP. AND BRIAN JESSOP, individually,<br><br>    DEFENDANTS.<br><br>PAR 2 CONTRACTORS, LLC,<br><br>    INTERVENOR DEFENDANT. | Case No. 2:06 CV 00700<br><br><br>**DEFENDANTS' PARAGON AND BRIAN JESSOP SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TO COMPEL BUSINESS RECORDS AND IN CAMERA DEPOSITION TESTIMONY** |

Defendants, Paragon Contractors Corporation, and Brian Jessop by and through undersigned counsel Jackson Lewis PLLC, hereby submit this memorandum in compliance with the Court's Order (ECF No. 272) that they file a supplemental response to Plaintiff's Motion for Preliminary Injunction and to

1

Compel Business Records and In Camera Deposition Testimony (ECF No. 267, the "Motion") by January 22, 2021.

It is unclear from Plaintiff's filings whether and to what extent, in any, he seeks an injunction against Paragon or Brian Jessop, or requests records from Paragon. While the requests themselves, as well as the arguments made, seem to focus on Par 2, the text of Plaintiff's motion repeatedly refers to "Defendants" in the plural. Consequently, the scope of the motion is certainly less than precise and is subject to various possible interpretations. To the extent Plaintiff may be seeking such injunctive relief against Paragon and/or Brian Jessop, his motion is moot and must be denied.

The issue of mootness in the context of a request for injunctive relief was addressed by the Tenth Circuit in *Thournir v. Buchanan*, 710 F.2d 1461 (10th Cir. 1983) with the following instructive language.

> The mootness doctrine has its constitutional origin in the "case or controversy" limitation of article III, section 2, which ensures that courts exercise their power only in cases where true adversary presentation allows informed judicial decision. *Wiley v. National Collegiate Athletic Association*, 612 F.2d 473, 475 (10th Cir.1979) (en banc), cert. denied, 446 U.S. 943, 100 S.Ct. 2168, 64 L.Ed.2d 798 (1980). An actual controversy "'must exist at stages of appellate or certiorari review, and not simply at the date the action is initiated.'" Id. (quoting *Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 712, 35 L.Ed.2d 147 (1973)). Because the issue of mootness goes to our jurisdiction, it is proper for us to raise and act on it sua sponte. E.g., *Hogan v. Mississippi University for Women*, 646 F.2d 1116, 1117 n. 1 (5th Cir.1981), aff'd on other grounds, --- U.S. ----, 102 S.Ct. 3331, 73 L.Ed.2d 1090 (1982).
>
> Generally, an appeal should be dismissed as moot when events occur that prevent the appellate court from granting any effective relief.

> *Mills v. Green*, 159 U.S. 651, 653, 16 S.Ct. 132, 133, 40 L.Ed. 293 (1895); see, e.g., *In re Cantwell*, 639 F.2d 1050, 1053 (3d Cir.1981); *King Resources Stockholders' Protective Committee v. Baer* (*In re King Resources Co.*), 651 F.2d 1326, 1332 (10th Cir.1980); *Bennett v. Gemmill* (*In re Combined Metals Reduction Co.*), 557 F.2d 179, 187 (9th Cir.1977). Thus, where an act sought to be enjoined has occurred, an appeal of a district court order denying an injunction is moot. *In re Cantwell*, 639 F.2d at 1054; see *Baker v. Bray*, 701 F.2d 119, 122 (10th Cir.1983); *Huseman v. Finch*, 424 F.2d 1237, 1240 (10th Cir.1970). In this case, the injunctive relief originally sought was to have Thournir's name placed on the ballot in the 1982 election. Neither we nor the trial court could now provide that relief. Accordingly, Thournir's appeal of the denial of an injunction is dismissed as moot. E.g., *Backus v. Spears*, 677 F.2d 397, 398 (4th Cir.1982).

710 F.2d at 1462-1463. See also, *Stacks v. U.S. Air Force*, 132 F.3d 43 (10th Cir. 1993) where the Court dismissed Plaintiff's request for an injunction as moot because the acts she sought to enjoin had already occurred. Application of this principle to Plaintiff's pending Motion mandates the same result.

As is noted by Plaintiff in his Motion, on September 25, 2017, Plaintiff filed a Motion to Show Cause (ECF No. 138) seeking to extend this Court's 2016 Contempt Order (ECF No. 99) to Par 2. The underlying basis for that Motion to Show Cause was the premise that Paragon had discontinued doing business but had transferred its assets and work to Par 2, and that Par 2 should be joined in the instant matter as the successor in interest to Paragon. As is likewise noted in Plaintiff's Motion, a hearing on that request to join Par 2 was held before Judge Nuffer on January 26-27, 2018 resulting in the entry of Findings of Fact and Conclusions of Law on September 10, 2018 (ECF No. 209).

At the time of the January 2018 hearing before Judge Nuffer, in order to address the heart and very purpose of that motion considerable evidence was offered

3

to this Court relating to the status of the operations of Paragon Contractors prior to that date. After hearing and considering that evidence, this Court, through Judge Nuffer, made the following factual finding:

> 11. While Paragon remains an active company, it has no contracts for work, jobs, or employees. Paragon sold most of its tools and equipment over the last few years. At most, Paragon had "a job or two" that was "still going on" in 2016 somewhere in Louisiana, but Brian Jessop does not remember any details of the job. Paragon had no jobs or contracts for work in 2017.

(ECF No. 209, page 5, finding no. 11, references to record removed.)

Accordingly, as this Court has already conclusively determined, Defendant Paragon has no contracts, work or jobs; has no employees, tools or equipment; and has not had since before 2017. These factual findings were an essential foundational requirement for the Court's subsequent conclusion that Par 2 was the successor in interest to Paragon. Moreover, as is also noted in Plaintiff's Motion, Paragon's corporate charter with the State of Utah has now expired, so it no longer even has active status. As a consequence, the relief being sought by Plaintiff to prevent Paragon from "transferring, concealing, encumbering, or dissipating assets and business operations during this litigation" is clearly, by this Court's own binding determination, moot to the extent it may pertain to Paragon. It is also impossible to comply with inasmuch as Paragon has no assets or business operations that could be transferred, concealed, encumbered or dissipated. Consequently, Plaintiff's motion, to the extent it may pertain to Paragon, is moot and must be deined.

As for Plaintiff's request that he be allowed to take the deposition of Brian Jessop *in camera*, in view of the ongoing risks associated with the COVID-19 Pandemic, Defendant objects to this request to the extent it may contemplate or require any in person meetings. If such a deposition is necessary, it certainly can be accomplished remotely via an appropriate virtual platform. In addition, the scope of any such inquisition should be properly limited to questions related to the business operations and assets of Paragon as it the focus of the Motion.

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion relative to Paragon, and provide proper guidelines with respect to any deposition of Brian Jessop.

Respectfully submitted this 22nd day of January 2021.

                                                                     /s/ Rick J. Sutherland
Rick J. Sutherland (USB #3162)
M. Christopher Moon (USB #14880)
JACKSON LEWIS PLLC
215 S. State Street, Suite 760
Salt Lake City, Utah 84111
Telephone:  (801) 736-3199
Email:
Rick.Sutherland@jacksonlewis.com
Chris.Moon@jacksonlewis.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of January 2021, I caused to be served via the Court's ECF electronic filing system the foregoing response, on the following:

John W. Huber, U.S. Attorney
John K. Mangum, Assistant U.S. Attorney
District of Utah
185 S. State St., #300
Salt Lake City, UT 84111-1506

M. Patricia Smith, Solicitor of Labor
James E. Culp, Regional Solicitor
John Rainwater, Associate Regional Solicitor
Karen Bobela, Trial Attorney
Alicia Truman, Trial Attorney
Lydia Tzagoloff, Senior Trial Attorney and Special
Assistant US Attorney
1244 Speer Boulevard, Suite 515
Denver, CO 80204

                                                 /s/ Rick J. Sutherland
                                               For Jackson Lewis PLLC

4839-5798-2622, v. 1