MANNING CURTIS BRADSHAW
  &amp; BEDNAR PLLC
David C. Castleberry, #11531
Mitch M. Longson, #15661
136 East South Temple, Suite 1300
Salt Lake City, Utah 84111
Telephone: (801) 363-5678
Facsimile: (801) 364-5678
dcastleberry@mc2b.com
mlongson@mc2b.com
*Attorneys for Court-Appointed Receiver Wayne Klein*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br>v.<br><br>PARAGON CONTRACTORS CORP.; JAMES JESSOP an individual; BRIAN JESSOP, an individual; and PAR 2 CONTRACTORS, LLC,<br><br>Defendants. | **RECEIVER'S MOTION FOR APPROVAL TO CONSUMMATE SETTLEMENT AND DISMISS MOTION FOR ORDER TO SHOW CAUSE AGAINST WELLS FARGO BANK, N.A.**<br><br>Civil No. 2:06-cv-00700-TC<br><br>District Judge Tena Campbell |

R. Wayne Klein, the Court-Appointed Receiver (the "Receiver") of Paragon Contractors Corp., Par 2 Contractors, LLC, Citadel Management, LLC, as well as the assets of R. Brian Jessop, through counsel, hereby submits this Motion for Approval to Consummate Settlement and Dismiss Motion for Order to Show Cause Against Wells Fargo Bank, N.A. ("Motion").

## I.    BACKGROUND

On February 14, 2022, the Receiver filed his Motion for Order to Show Cause Why

Wells Fargo Bank, N.A. ("Wells Fargo") Should Not be Held in Civil Contempt ("OSC Motion") (ECF No. 346). Since the filing of the OSC Motion, Wells Fargo delivered to the Receiver funds from three bank accounts held in the names of Paragon and Brian Jessop.

After the OSC Motion was served on Wells Fargo, Wells Fargo contacted the Receiver's counsel to discuss settlement. After funds from the accounts of Receivership Defendants were delivered to the Receiver, the Receiver confirmed to Wells Fargo that the funds had been delivered. The Receiver advised Wells Fargo that the Receiver and his counsel had incurred approximately $7,500 in fees in preparing and bringing the OSC Motion. In the course of settlement discussions, Wells Fargo asserted that Wells Fargo was not legally obligated to freeze accounts and turn over funds to the Receiver until the Order Appointing Receiver had been formally served on the bank pursuant to Fed. R. Civ. P. 4. This position caused consternation by the Receiver, resulting in further time spent researching the issue raised by Wells Fargo.

As the result of further negotiations, Wells Fargo has agreed to a settlement by which Wells Fargo will pay $16,000 to the Receivership Estate and will stipulate that, for purposes of this case, its obligation to freeze and turn over funds is binding upon the bank's "actual notice" of a freeze order or order appointing receiver and does not require formal service of orders under Rule 4. In return, the Receiver agrees to dismiss the pending OSC Motion with prejudice, without seeking a finding of contempt against the bank.

## II. ANALYSIS

"In evaluating proposed settlements in equity receiverships . . . the Court should inquire whether the action to be taken is 'in the best interest of the receivership.'" *SEC v. Am. Pension Servs., Inc.*, No. 214CV00309RJSDBP, 2015 WL 12860498, at *10 (D. Utah Dec. 23, 2015)

(quoting *SEC v. Capital Consultants, LLC*, No. Civ. 00-1290-KI, 2002 WL 31470399 (D. Ore. March 8, 2002). The settlement agreement between the Receiver and Wells Fargo was negotiated at arm's length and in good faith by the Receiver and Wells Fargo, will avoid the expenses, delay, and inherent risks of further litigation, and will result in the collection of funds for the benefit of the Receivership Estate that exceed the costs incurred in recovering the Wells Fargo account funds and bringing the OSC Motion.

Based on the above factors, the Receiver has determined that the settlement agreement is in the best interest of the Receivership Estate. The Department of Labor has informed the Receiver that the Department supports this Motion.

### III.   CONCLUSION

The Receiver moves the Court to approve the settlement agreement with Wells Fargo and dismiss the Receiver's pending OSC Motion.

DATED this 27th day of April 2022.

        MANNING CURTIS BRADSHAW
        & BEDNAR PLLC
        David C. Castleberry, #11531
        Mitch M. Longson, #15661


        /s/ Mitch M. Longson
        *Attorneys for Court-Appointed*
        *Receiver Wayne Klein*

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that service of the above **RECEIVER'S MOTION FOR APPROVAL TO CONSUMMATE SETTLEMENT AND DISMISS MOTION FOR ORDER TO SHOW CAUSE AGAINST WELLS FARGO BANK, N.A.** was filed with the Court on this 27th day of April 2022 and served via ECF on all parties who have requested notice in this case.

/s/ Mitch M. Longson