IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>vs.<br><br>PARAGON CONTRACTORS CORPORATION, JAMES JESSOP, BRIAN JESSOP, and PAR 2 CONTRACTORS, LLC,<br><br>Defendants. | ORDER AND MEMORANDUM DECISION REGARDING RECEIVER'S MOTION FOR ATTORNEY FEES AND COSTS ASSOCIATED WITH MOTION FOR ORDER TO SHOW CAUSE<br><br>Case No. 2:06-cv-700-TC |

Court-appointed Receiver R. Wayne Klein moves the court for attorneys' fees and costs he incurred in connection with his successful motion for a civil contempt finding against Brian Jessop, Don Jessop, and Rick J. Sutherland.[1] For the reasons set forth below, the court grants the motion in part and denies it in part.

## BACKGROUND

In December 2021, the Receiver filed a Motion for Order to Show Cause[2] ("OSC

---

[1] See Receiver's Mot. for Attorney Fees, ECF No. 360.
[2] ECF No. 315.

1

Motion") why Brian Jessop, Don Jessop, and Rick J. Sutherland should not be held in civil contempt for failure to comply with the August 25, 2021 Order Appointing Receiver[3] ("Receivership Order"). On March 7, 2022, the court granted the OSC Motion and held all three individuals in contempt (the "Contempt Order"[4]).

The Contempt Order imposed a contempt sanction requiring Don Jessop and Rick Sutherland[5] to pay reasonable attorneys' fees and costs the Receivership Estate incurred in connection with the OSC Motion. To determine the amount of the sanction, the court directed the Receiver to file a brief identifying the specific amounts incurred and to support those amounts with documentation. That brief—the Receiver's Motion for Attorney Fees[6]—is now before the court.

After the Receiver filed his Motion for Attorney Fees, he reached a tentative settlement agreement with Don Jessop that would forego the need to recover fees caused by Don Jessop's contempt. The court has since approved that settlement,[7] which makes the Receiver's pending request for fees from Don Jessop moot. Accordingly, the court only addresses the Receiver's request for fees from contemnor Rick Sutherland.

## STANDARD

The court, using its inherent power, may impose civil contempt sanctions to compensate for injuries resulting from a contemnor's failure to comply with a court order. Acosta v. Paragon Contractors Corp., 884 F.3d 1225, 1239–40 (10th Cir. 2018). The amount of the monetary

---

[3] ECF No. 298.
[4] ECF No. 355.
[5] During the March 4, 2022 contempt hearing, the Receiver withdrew his request for fees from contemnor Brian Jessop, who had just filed for bankruptcy.
[6] ECF No. 360.
[7] See May 18, 2022 Order Approving Receiver's Settlement with Don Jessop (ECF No. 403).

sanction must be based on actual losses caused by the person's contempt. Id. Sanctions may include payment of attorneys' fees and costs, but "the court can shift only those attorney's fees incurred because of the misconduct at issue." Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1186 (2017). This "but for" test requires establishing "a causal link [] between the litigant's misbehavior and legal fees paid by the opposing party." Id. The standard "demands that a district court assess and allocate specific litigation expenses—yet still allows it to exercise discretion and judgment." Id.

## THE RECEIVER'S REQUEST

The Receiver requests only a portion of the fees and costs the Receivership Estate incurred when the Receiver had to bring the OSC Motion against Mr. Sutherland.[8] The fees include hours billed by the Receiver and members of the law firm representing him.

To determine the amount owed, the Receiver identified fees and costs specifically tied to the contemnor, divided the remaining common fees and costs[9] by three (the number of contemnors), and added the two numbers to arrive at a total. The Receiver concludes that Mr. Sutherland is responsible for $8,813.64.[10]

## FEES ATTRIBUTED TO MR. SUTHERLAND'S CONTEMPT

Mr. Sutherland opposes any award of fees. He argues in part that "a finding of contempt should not be entered and … no compensatory sanction should be imposed," because he "cured

---

[8] When calculating the amount, the Receiver "excluded fees for two categories of work he believes satisfy the 'causal relationship' test, in favor of seeking only 'direct costs in bringing the OSC Motion.'" (Receiver's Reply Mem. in Support of Mot. Atty. Fees at 5, ECF No. 378.)
[9] The Receiver could not attribute a portion of the fees and legal work to a particular contemnor.
[10] Of that number, the Receiver specifically attributes $3,904.00 to Mr. Sutherland. The remaining $4,909.64 equals one-third of the common fees and costs.

3

the alleged non-compliance." (Sutherland Opp'n Mem. at 8–9, ECF No. 372.)

As an initial matter, the court has already found Mr. Sutherland in contempt and has ordered him to pay civil contempt sanctions for his contumacy. In the Contempt Order, the court expressly stated that Mr. Sutherland violated the Receivership Order. (Mar. 7, 2022 Order on Receiver's Mot. for Order to Show Cause at 5, 8, ECF No. 355.) And although the court found Mr. Sutherland "purged his contempt" after the Receiver filed the OSC Motion, the court also found that Mr. Sutherland "materially delayed his response" and caused the Receiver to incur attorneys' fees and costs that resulted in an unnecessary loss to the Receivership Estate. (Id. at 8.) The purpose of the court's review of the Receiver's Motion for Attorney Fees is simply to determine the amount of fees Mr. Sutherland must pay. (See id. at 8–9 (noting that "[t]o determine the portion Mr. Sutherland owes, the court must first review the amount the Receiver incurred," and, to that end, ordering the Receiver to submit a specific request with documentation).) To the extent Mr. Sutherland is asking for reconsideration of the contempt finding, the court declines to alter its decision.

Apart from the question of his contempt, Mr. Sutherland contends the fees and costs the Receiver seeks do not satisfy the United States Supreme Court's "but-for" test for civil contempt sanctions. He also maintains the Receiver is simply a party to the litigation and, accordingly, may not recover his own fees.

1. **Allocation of Common Fees**

Mr. Sutherland challenges a blanket allocation of one-third of the common fees associated with a motion he says primarily concerned itself with the other two contemnors. He characterizes the contempt allegations against him as minor compared to those raised against his co-contemnors and says that attribution of one-third of the work to him "does not meet the 'but

4

for' threshold … because the effort involved would have been incurred irrespective of any omission on [his] part." (Sutherland Opp'n at 7.) Relatedly, he argues that fees the Receiver incurred after Mr. Sutherland purged his contempt cannot be attributed to his contumacy. Mr. Sutherland's arguments are unpersuasive.

Suggesting that the Receiver would have incurred the fees "irrespective of any omission on [Mr. Sutherland's] part" does not paint an accurate picture. Mr. Sutherland's independent contempt prompted the Receiver to file the OSC Motion. Indeed, only after the Receiver filed the motion did Mr. Sutherland produce the information and purge his contempt. Moreover, as the Receiver points out, allowing a contemnor to avoid fees simply because others also violated the order would lead to a "nonsensical outcome." (Receiver's Reply Mem. in Support of Mot. Atty. Fees at 7, ECF No. 378.)

Mr. Sutherland opposed the OSC Motion, including the Receiver's request for contempt sanctions. (See Sutherland Opp'n to OSC Mot., ECF No. 329; OSC Motion at 22.) At a minimum, the issue of whether to impose sanctions on Mr. Sutherland remained even after he purged his contempt. (Notably, the court found Mr. Sutherland had purged his contempt only after considering the briefs and oral argument.) Naturally, the Receiver filed his reply brief and argued the issues at the hearing, in part to respond to Mr. Sutherland's arguments.

The Receiver's decision to allocate one-third of the common fees to each contemnor was reasonable. To the extent the Receiver was able to divide up the fees based on the individual contemnors, he did so. For those fees he could not divide, he chose a logical solution. "The essential goal in shifting fees is to do rough justice, not to achieve auditing perfection." Goodyear, 137 S. Ct. at 1187 (internal citations and quotation marks omitted). To accomplish that goal, the court "may use estimates in calculating and allocating an attorney's time," which

5

can include, "for example, that all (or a set percentage) of a particular category of expenses … were incurred solely because of a litigant's bad-faith conduct." Id. (internal citation and quotation marks omitted).

The court finds that the Receiver has adequately tied one-third of the common fees to Mr. Sutherland's contempt.

### 2. The Receiver's Fees

Equally unavailing is Mr. Sutherland's contention that the Receiver "impermissibly seeks to recover 'attorney fees' for the Receiver's own time and efforts." (Sutherland Opp'n at 7.) He mischaracterizes the Receiver as a party whose fees are more "properly addressed in the assessment of damages awarded as part of a civil judgment." (Id.) The Receiver, appointed by the court in connection with contempt proceedings, is an arm of the court and manages the Receivership Estate. His purpose is the same as his counsel's: to carry out the objectives of the Receivership. The court imposed the contempt sanctions to make the Receivership Estate whole for the losses it sustained as a result of Mr. Sutherland's conduct. As the Receiver points out, "[i]f the Receiver's fees are not among those reimbursed by the contemnors, the Receivership Estate and its beneficiaries—not the Receiver—are harmed." (Receiver's Reply at 9.) Mr. Sutherland does not provide a principled basis for carving out the Receiver's fees.

For all the foregoing reasons, the court finds the Receiver has established that Rick Sutherland's contempt was the but-for cause of $8,813.64 of fees and costs associated with the OSC Motion.

## ORDER

The Receiver's Motion for Attorney Fees (ECF No. 360) is GRANTED IN PART AND DENIED IN PART. Specifically, the court grants the Receiver's request for fees and costs from

Rick J. Sutherland in the amount of $8,813.64. However, the Receiver's request for fees from Don Jessop is denied as moot based on the settlement agreement the court approved on May 18, 2022.[11]

SO ORDERED this 31st day of May, 2022.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
U.S. District Court Judge

---

[11] See ECF No. 403.